IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATASHA N. CLEMONS, as Personal
Representative of the Estate of RODNEY
MITCHELL, and on behalf of CHANNING
MITCHELL, survivor, and DORIAN GILMER,

                Plaintiffs,

vs.                                               CASE NO. 8:14-CV-1376-T-27MAP

HON. THOMAS M. KNIGHT, in both his official
and individual capacity as Sheriff of Sarasota County,
TROY SASSE, ADAM SHAW, both in their
individual and official capacities,

                Defendants.
_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, TROY SASSE, by and through his undersigned counsel and pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, hereby files this his Amended Answer and Affirmative Defenses to the Plaintiff's complaint as follows:

## ANSWER

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

1

8. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

9. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

10. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

11. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

12. It is admitted that Plaintiffs seek attorney's fees. It is denied that Plaintiffs are entitled to attorney's fees or any other damages.

13. It is admitted that Plaintiffs allege such claims. Defendant denies such claims are true.

14. It is admitted that Plaintiffs allege such claims. It is denied that such claims are true.

15. Admitted.

16. It is admitted that Plaintiffs allege such claims. It is denied that such claims are true.

17. Denied.

18. It is admitted that venue is appropriate. It is denied that any wrongful acts occurred.

19. It is admitted that the incident that forms the basis of Plaintiffs' complaint occurred within the jurisdiction of the United States District Court in and for the Middle District of Florida. It is denied that any wrongful acts occurred.

20. Denied.

21. Denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. It is admitted only that this Defendant was employed at the Sarasota County Sheriff's Office. Otherwise all other allegations of this paragraph of the complaint are denied.

25. It is admitted only that this Defendant was employed at the Sarasota County Sheriff's Office and acting within the course and scope of his employment. Otherwise all other allegations of this paragraph of the complaint are denied.

26. It is admitted only that Adam Shaw was employed at the Sarasota County Sheriff's Office and was acting in the course and scope of his employment. Otherwise all other allegations of this paragraph of the complaint are denied.

27. It is admitted only that the incident that forms the basis of Plaintiffs' complaint occurred in Sarasota County, Florida while this Defendant was acting in the course and scope of his employment. Otherwise denied. And it is specifically denied that the occurrence occurred as described in the Plaintiffs' complaint.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Denied.

35. Without knowledge and therefore denied.

36. It is admitted only that on June 11, 2012 the decedent was driving a white jeep. All other allegations of this paragraph of the complaint are denied.

37. Without knowledge and therefore denied.

38. It is admitted only that on June 11, 2012 Defendant, Shaw, was on patrol in a marked patrol vehicle. All other allegations of Paragraph 38 of the complaint are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.
49. Without knowledge and therefore denied.
50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Without knowledge and therefore denied.
55. Without knowledge and therefore denied.
56. Denied.
57. Denied.
58. Denied.
59. Denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Without knowledge and therefore denied.
65. Denied.
66. Denied. These allegations lack context and are incomplete.
67. Denied.
68. Denied.
69. Denied.
70. Denied.
71. Denied. These allegations lack context and are incomplete.
72. Denied.
73. Without knowledge and therefore denied.
74. Without knowledge and therefore denied.
75. Without knowledge and therefore denied.
76. Without knowledge and therefore denied.

77. Denied.
78. Without knowledge and therefore denied.
79. Denied.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Denied.
87. Denied.
88. Denied.
89. Denied. These allegations lack context and are incomplete.
90. Denied.
91. Denied. These allegations lack context and are incomplete.
92. Denied.
93. Denied. These allegations lack context and are incomplete.
94. It is admitted only that a verbal command was shouted. All other allegations of this paragraph are denied. These allegations lack context and are incomplete.
95. Denied.
96. Denied.
97. Denied.
98. Denied.
99. Denied.
100. Denied.
101. Denied. These allegations lack context and are incomplete.
102. Denied.
103. Denied.
104. Denied.

105. Denied.
106. Denied. These allegations lack context and are incomplete.
107. Denied.
108. Denied.
109. Denied.
110. Denied.
111. Denied.
112. Without knowledge and therefore denied.
113. Denied.
114. Denied.
115. Denied.
116. Denied.
117. Denied.
118. Denied.
119. Denied.
120. Denied.
121. Without knowledge and therefore denied.
122. Denied.
123. Without knowledge and therefore denied.
124. Denied.
125. Denied.
126. Without knowledge and therefore denied.
127. Without knowledge and therefore denied.
128. Without knowledge and therefore denied.
129. Without knowledge and therefore denied.
130. Without knowledge and therefore denied.
131. Without knowledge and therefore denied.
132. Without knowledge and therefore denied.
133. Without knowledge and therefore denied.

134. Without knowledge and therefore denied.
135. Without knowledge and therefore denied.
136. Without knowledge and therefore denied.
137. Without knowledge and therefore denied.
138. Without knowledge and therefore denied.
139. Denied.
140. Without knowledge and therefore denied.
141. Without knowledge and therefore denied.
142. Without knowledge and therefore denied.
143. Denied.
144. Denied.
145. Without knowledge and therefore denied.
146. Without knowledge and therefore denied.
147. Denied.
148. Denied.
149. Denied.
150. Denied.
151. Without knowledge and therefore denied.
152. Without knowledge and therefore denied.
153. Denied.
154. Denied.
155. Denied.
156. Denied.
157. Denied.
158. Denied.
159. Denied.
160. Denied.
161. Without knowledge and therefore denied.
162. Denied.

163. Denied.
164. Denied.
165. Denied.
166. Denied.
167. Denied.
168. Without knowledge and therefore denied.
169. Denied. These allegations lack context and are incomplete.
170. Denied.
171. Denied. These allegations lack context and are incomplete.
172. Denied.
173. Denied. These allegations lack context and are incomplete.
174. Denied. These allegations lack context and are incomplete.
175. Denied.
176. Denied.
177. Denied.
178. Denied.
179. Denied.
180. Denied.
181. Denied.
182. Denied.
183. Denied.
184. Denied.
185. Denied.
186. Without knowledge and therefore denied.
187. Without knowledge and therefore denied.
188. It is admitted only that Defendants, Sasse and Shaw, were acting in the course and scope of their employment with the Sarasota County Sheriff's Office. All other allegations of Paragraph 188 are denied.
189. Denied.

190. Denied.
191. Denied.
192. Denied.
193. Denied.
194. Denied.
195. Denied.
196. Denied.
197. Denied.
198. Denied.
199. Denied.
200. Denied.
201. Denied.
202. Denied.
203. Denied.
204. Denied.
205. Denied.
206. Without knowledge and therefore denied.
207. Denied.
208. Denied. These allegations lack context and are incomplete.
209. Denied. These allegations lack context and are incomplete.
210. Denied. These allegations lack context and are incomplete.
211. Denied. These allegations lack context and are incomplete.
212. Denied. These allegations lack context and are incomplete.
213. Denied. These allegations lack context and are incomplete.
214. Denied.
215. Denied.
216. Denied.
217. Denied.
218. Denied.

219. Denied.
220. Denied.
221. It is admitted that Sheriff Knight served as Sheriff of Sarasota County. Otherwise denied as without knowledge.
222. Denied.
223. Denied.
224. Denied.
225. Denied.
226. Denied.
227. Denied.
228. Denied.
229. Denied.
230. Denied.
231. Denied.
232. Denied.
233. Denied.
234. Denied.
235. Denied.
236. Denied.
237. Denied.
238. Denied.
239. Denied.
240. Denied.
241. Denied.
242. Denied.
243. Denied.
244. Denied.
245. Denied.
246. Denied.

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. It is admitted only that this Defendant and Defendant, Shaw, had no discipline or remedial training imposed upon them as a result of the encounter with Rodney Mitchell. Otherwise, all other allegations of this paragraph of the complaint are denied.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

256. Denied.

257. Denied.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

## COUNT I

263. This Defendant reincorporates and realleges as his response to Paragraph 263 of the complaint those answers set out above.

264. Denied.

265. Denied.

266. Denied.

267. It is admitted only that Defendants, SHAW and SASSE, were employees of the Sarasota County Sheriff's Office and acted in the course and scope of their duties as Sarasota County Sheriff's Office deputies. Otherwise all other allegations are denied.

268. Denied.

269. Denied.
270. Denied.
271. Denied.
272. Denied.
273. Denied.
274. Denied.
275. Denied.
276. Denied.
277. Denied.
278. Denied.
279. Denied.
280. Denied.

## COUNT II

281. This Defendant reincorporates and realleges as his answer to Paragraph 281 of the complaint those answers set out above.

282 through 298 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

299. Denied.

## COUNT III

300. This Defendant reincorporates and realleges as his answer to Paragraph 300 of the complaint those answers set out above.

301 through 317 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

## COUNT IV

318. This Defendant reincorporates and realleges as his answer to Paragraph 318 of the complaint those answers set out above.

319. Denied.
320. Denied.

321. Denied.

322. Denied.

## COUNT V

323. This Defendant reincorporates and realleges as his answer to Paragraph 323 of the complaint those answers set out above.

324. Denied.

325. Denied.

## COUNT VI

326. This Defendant reincorporates and realleges as his answer to Paragraph 326 of the complaint those answers set out above.

327 through 332 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

## COUNT VII

333. This Defendant reincorporates and realleges as his answer to Paragraph 333 of the complaint those answers set out above.

334 through 344 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

## COUNT VIII - misnumbered COUNT IX

345. This Defendant reincorporates and realleges as his answer to Paragraph 345 of the complaint those answers set out above.

346 through 353 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

## COUNT IX misnumbered COUNT X

354. This Defendant reincorporates and realleges as his answer to Paragraph 354 of the complaint those answers set out above.

355 through 357 - These allegations do not pertain to this Defendant. To the extent they may be deemed to pertain to this Defendant they are denied.

## COUNT X misnumbered COUNT XI

misnumbered 357.   This Defendant reincorporates and realleges as his response to misnumbered Paragraph 357 of the complaint those answers set out above.

358.   Denied.
359.   Denied.
360.   Denied.
361.   Denied.
362.   Denied.
363.   Denied.
364.   Denied.
365.   Denied.
366.   Denied.
367.   Without knowledge and therefore denied.
368.   Denied.
369.   Denied.
370.   Denied.
371.   Denied.
372.   Denied.

## DAMAGES

A.

1.   Denied.
2.   Denied.
3.   Denied.
4.   Denied.
5.   Denied.

B.

1.   Denied.
2.   Denied.

3. Denied.

C.

1. Denied.
2. Denied.
3. Denied.

### PRAYER FOR RELIEF

A. Denied.
B. Denied.
C. Denied.
D. Denied.
E. Denied.
F. Denied.
G. Denied.

**All allegations not specifically responded to above are denied.**

### AFFIRMATIVE DEFENSES

Defendant, TROY SASSE, having specifically answered each paragraph of the complaint, now alleges as separate and affirmative defenses the following:

1. Defendant, SASSE, asserts all actions taken at the subject incident were done pursuant to probable cause and/or reasonable suspicion.

2. Defendant, SASSE, is entitled to immunity as set forth in Section 768.28 Florida Statutes, including the statutory damage limitations.

3. Defendant, SASSE, denies any negligence but asserts that if negligence be found against any Defendant any award should be proportionally reduced by the comparative negligence of the decedent.

4. Defendant, SASSE, acted in good faith, without malicious purpose, or recklessness and acted in a manner that did not exhibit wonton and unlawful disregard of human rights, safety and property.

5. Defendants are entitled to set off for all collateral sources paid or payable to Plaintiffs in accordance with the requirement of Section 768.76 Florida Statutes.

6. All force used by Defendants during the subject incident was justifiable, necessary and reasonable.

7. Defendants' use of force was justifiable because Defendants reasonably believed such force was necessary to prevent death or great bodily harm to themselves.

8. Defendants' use of force was objectively reasonable and justified pursuant to Sections 776.012 and 776.032 Florida Statutes. Defendants are therefore entitled to immunity from civil action for the use of such force and an award of attorney's fees, costs and expenses.

9. Defendants' use of force was objectively reasonable and justified pursuant to Section 776.05 Florida Statutes.

10. The decedent physically assaulted Defendants with his vehicle while Defendants were engaged in a legal duty, when the decedent knew or should have known that Defendants were law enforcement officers and decedent's actions were unlawful pursuant to Section 776.051 Florida Statutes.

11. The decedent's death arose during the commission of a forcible felony against Defendants and Defendants are therefore entitled to immunity from civil action pursuant to Section 776.085 Florida Statutes.

12. The complaint is barred in whole and in part by reason of Plaintiffs' failure to state a cause of action against Defendant, SASSE, in his individual capacity upon which relief can be granted.

13. The complaint is barred in whole and in part by reason of Plaintiffs' failure to state a cause of action against Defendant, SASSE, in his official capacity upon which relief can be granted.

14. The complaint is barred in whole or in part by the doctrine of sovereign immunity including, but not limited to, the immunity provisions of Section 768.28 Florida Statutes.

15. Plaintiffs have failed to mitigate their damages.

16. To the extent Plaintiffs are claiming punitive damages against Defendant, SASSE, in his official capacity, any such claim must be dismissed as a matter of law because

such damages are not recoverable in official capacity claims under 42 U.S.C. Section 1983, E.g. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

17. Defendants are entitled to qualified immunity as all actions were made in good faith and did not violate clearly established law.

18. Defendant, SASSE, asserts that any claim for punitive damages arising from the state claims is barred by the provisions of Section 768.72 Florida Statutes and Plaintiffs are prohibited from conducting any financial worth discovery because Plaintiffs have not shown a reasonable basis for a punitive damages claim.

19. The conspiracy allegations of Count V of the complaint are barred by the intra corporate conspiracy doctrine. Under the doctrine both Sasse and Shaw are alleged to have acted within the course and scope of their employment as deputy sheriffs with the Sarasota County Sheriff's Office. Therefore, as a matter of law, they cannot be deemed to have conspired with one another or Sheriff Knight.

**DEMAND FOR JURY TRIAL**

Defendant, SASSE, demands a jury trial on all triable issues.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished to:

SANNESTINE FORTIN, Esquire
1350 Monroe Street
Suite 9242
Fort Myers, FL 33902
counsel for Plaintiffs
Sfortin@thefortinlawfirm.com

VANA RENEJUSTE, Esquire
3049 Cleveland Avenue
Suite 140
Fort Myers, FL 33901
counsel for Plaintiffs
vrenejusteesquire@renejustelaw.com

JAMES COOK, Esquire
314 West Jefferson Street
Tallahassee, FL 32301
counsel for Plaintiff/CLEMONS
cookjv@nettally.com

JAMES BURGESS, JR., Esquire
1776 Ringling Boulevard
Sarasota, FL 34236
counsel for Defendant/SHAW
jburgess@burgessharrell.com

FREDERICK ELBRECHT, Esquire
1660 Ringling Boulevard, Second Floor
Sarasota, FL 34236
Counsel for Defendant/SHERIFF
relbrecht@scgov.net

on this _1ST_ day of August, 2014.

DICKINSON & GIBBONS, P.A.

By: _____
RALPH L. MARCHBANK, JR.
Rmarchbank@dglawyers.com
Lgordon@dglawyers.com
401 North Cattlemen Road, Suite 300
Sarasota, FL  34232
Florida Bar No. 305571
(941) 366-4680
Counsel for Defendant/SASSE